DIXON, Plaintiff-Appellee, v. KEREST et, Defendant-Appellant, KREPS Co-Defendant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3350. Decided March 22, 1950.

John Ruffalo, Jr., Youngstown, for plaintiff-appellee.
J. V. Murphy, Youngstown, for defendant-appellant.
Oscar Stephens, Youngstown, for defendant.

## OPINION

By PHILLIPS, PJ.

In this opinion plaintiff will be called plaintiff, and defendants will be designated by their surnames.

East Federal and Basin Streets are duly dedicated and accepted highways, which extend respectively in general easterly and westerly and northerly and southerly directions within the corporate limits and closely built up sections of Youngstown, Ohio. Traffic moving over and along those highways is controlled and governed by an automatic electric traffic signal, erected by the Police Department of the City of Youngstown.

About 7:30 A. M. on July 13, 1947, plaintiff was riding, as a paid passenger, in a taxicab owned by defendant Kerest,

and then being operated by his servant and employee in an easterly direction on East Federal Street. The automobiles of the parties collided each with the other at such intersection, as the result of which plaintiff sustained personal injuries.

Plaintiff sued defendants in the court of common pleas to recover damages for such injuries. The jury returned a verdict for defendant Kreps at the close of plaintiff's evidence upon direction of the trial judge. The trial judge overruled the motion of defendant Kerest for a verdict to be directed in his favor made at the close of all the evidence. The jury, after deliberation, returned a verdict for plaintiff for $1250.00 against defendant, John P. Kerest, d. b. a. The Bell Taxicab Company. Subsequently the trial judge duly entered judgment upon the verdicts of the jury. From that judgment defendant Kerest appealed to this court on questions of law and fact.

The appeal was not filed properly as one on law and fact. Accordingly the words "and fact" were stricken from the notice of appeal as filed, and it appearing that a bill of exceptions was duly filed the appeal was retained, argued, submitted, and will be determined as one on questions of law.

Though filing his appeal on questions of law and fact, by assigned grounds of error defendant Kerest contends "that the court of common pleas erred in overruling appellant's motion for a directed verdict made at the close of plaintiff's testimony; in sustaining the motion of Frank Kreps at the close of plaintiff's testimony, in ordering a directed verdict by the jury, dismissing plaintiff's claim against the defendant, Frank Kreps; in overruling appellant's motion for a new trial;" and that "the verdict of the jury was so manifestly against the weight of the evidence as to indicate prejudice on the part of the jury against this appellant."

Plaintiff testified that when the automobile in which she was riding was fifty feet west of the traffic light at the intersection of East Federal Street the taxicab in which she was riding had the right of way; that at that time she took her eyes off such signal light and reached in her purse for a cigarette; and that she remembered nothing thereafter until she woke in a hospital sometime later.

Defendant Kerest introduced evidence in an attempt to support his contention that at the time of the collision, to which reference is made, his taxicab was being operated over and along East Federal Street at a reasonable rate of speed, in a careful, safe and lawful manner; that it entered the inter-

section of East Federal and Basin Streets at a time when traffic moving thereon and thereover had right of way over traffic moving over and along Basin Street; that at that time defendant Kreps was operating an automobile at a high, dangerous, and excessive rate of speed on Basin Street; and that his automobile entered the intersection of East Federal and Basin Streets at a time when traffic moving over and along East Federal Street had the right of way over traffic moving over and along Basin Street.

A careful consideration of the evidence submitted in the trial court in plaintiff's case leads us to conclude that the trial judge did not err to the prejudice of defendant Kerest when he directed the jury to return a verdict in favor of defendant Kreps at the close of plaintiff's testimony.

Defendant Kerest has no right to complain of a judgment in favor of defendant Kreps and against plaintiff, being unaffected thereby. The issues between plaintiff and defendant Kerest were tried without prejudicial error, and this court does not find the verdict of the jury to be against the manifest weight of the evidence.

"Plaintiff in error cannot complain because verdict was returned in favor of a joint tort feasor, with whom he was sued jointly, and petition in error will be dismissed as to such co-defendant on the latter's motion." **Counter v. Tiedman, 29 Oh Ap 489.**

In our opinion the direction of the verdict by the trial judge in the case we review does not make the case of Counter v. Tiedman, supra, inapplicable as authority in support of our conclusion.

We conclude that the trial judge did not err to the prejudice of defendant Kerest in overruling his motion for a new trial.

Appellant's counsel has failed to call our attention to "other errors apparent on the face of the record" as alleged as a ground of error; or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concurs in judgment.